TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JAKE D. NARE (Cal. Bar No. 272716)
Assistant United States Attorney
Santa Ana Branch Office
     United States Courthouse
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3549
     Facsimile: (714) 338-3561
     E-mail:    jake.nare@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-000160-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT CHRISTIAN ALEXANDER AUGUSTUS |
| v. | |
| CHRISTIAN ALEXANDER AUGUSTUS, aka "Sir Ceeco" and "Ceeco," | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jake D. Nare (the "government"), hereby files its sentencing position regarding defendant Christian Alexander Augustus.

///

///

///

The government's sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report and accompanying recommendation letter, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

Dated: December 29, 2021              Respectfully submitted,

                                      TRACY L. WILKISON
                                      Acting United States Attorney

                                      SCOTT M. GARRINGER
                                      Assistant United States Attorney
                                      Chief, Criminal Division


                                           /s/
                                      JAKE D. NARE
                                      Assistant United States Attorney

                                      Attorneys for Applicant
                                      UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On July 9, 2021, defendant Christian Alexander Augustus ("defendant") pleaded guilty, pursuant to a plea agreement, to one count of Transportation of a Minor in Interstate Commerce to Engage in Prostitution and Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a).  This crime is a serious offense by an offender with a violent history and several prior lengthy sentences -- including a prior state pandering to procure prostitution conviction for conduct that occurred shortly before the instance matter and that resulted in a three-year prison sentence.  A low-end guidelines range sentence of 151 months imprisonment and 10 years of supervised release is necessary to deter further crime and protect the community.

**II.   STATEMENT OF FACTS**

The facts relevant to sentencing are accurately set forth in the PSR and the plea agreement.  (Presentence Investigation Report, ("PSR") ¶¶ 11-17; Dkt. 30.)  Beginning in December 2018, defendant caused the minor victim to be transported to several states, including Nevada and Arizona, for the purpose of the minor victim engaging in prostitution for the financial benefit of the defendant.  (PSR ¶ 11.)  At the time defendant began trafficking the minor victim, she was a 16-year-old juvenile ward of the state.  (PSR ¶ 12.)  While trafficking the minor victim, defendant created, or caused the creation of, multiple online sex advertisements soliciting commercial sex customers for the minor victim.  (PSR ¶ 16.)  The minor victim then worked as a prostitute in various commercial sex

trafficking corridors throughout Southern California, Arizona, and Nevada at the direction and for the financial benefit of the defendant.  (PSR ¶ 16.)

While trafficking the minor victim, defendant used physical violence against the minor victim on at least two occasions; once in Las Vegas, Nevada on April 22, 2019, and once in Phoenix, Arizona on May 25, 2019.  (PSR ¶¶ 14, 15.)  In the Las Vegas, Nevada incident, the minor victim reported to the Las Vegas Police Department ("LVPD") that defendant had hit and choked her.  (PSR ¶ 14.)  When interviewing the minor victim, LVPD noticed visible injuries to her chest and face.  (Id.)  In the Phoenix, Arizona incident, the minor victim approached a female gas station employee and reported that she was being forced to work as a prostitute.  (PSR ¶ 15.)  While the minor victim was in the employee's vehicle, defendant and another individual approached the minor victim, at which time the defendant grabbed the minor victim by the neck and forced her into his vehicle.  (Id.)  While shoving the minor victim into the car, defendant repeatedly kicked her.  (Id.)[1]  Before driving away, defendant told the gas station employee "this is pimping and if you all aren't trying to knock my bitch then get out the way."  (Id.)  Defendant then drove off with the minor victim in the back of his vehicle.  (Id.)

**III. SENTENCING GUIDELINES CALCULATIONS**

The government agrees with the Probation Officer's calculations of a Total Offense Level of 31 and a Criminal History Category of IV.

---

[1] The Phoenix, Arizona incident was captured on gas station surveillance camera, which can be provided to the Court if so desired.

2

(PSR ¶ 110.)  The Probation Officer's offense level calculation is as follows:

    Base Offense Level:        28   [U.S.S.G. § 2G1.3(a)(3)]
    Unduly Influenced Minor:   +2   [U.S.S.G. § 2G1.3(b)(2)]
    Use of a Computer:        +2   [U.S.S.G. § 2G1.3(b)(3)(B)]
    Commercial Sex Act:       +2   [U.S.S.G. § 2G1.3(b)(4)]

(PSR ¶¶ 28-41.)  Defendant falls within Criminal History Category IV for accumulating eight criminal history points.  (Id. ¶¶ 43-49.)  The resulting Guidelines range based on an offense level of 31 within Criminal History Category IV is 151 to 188 months' imprisonment.  (Id.)

## IV.  THE GOVERNMENT'S RECOMMENDATION IS REASONABLE AND APPROPRIATE UNDER THE 3353(A) FACTORS

The government respectfully recommends a low-end guidelines sentence of 151 months' imprisonment and a ten-year period of supervised release.  The government believes this sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3353(a).

### A.  Nature, Circumstances, and Seriousness of the Offense

The Court must consider the nature, circumstances, and seriousness of the offense.  18 U.S.C. §§ 3553(a)(1), (a)(2)(A).  Defendant's egregious conduct victimized a minor by causing her to engage in sex with unknown customers purely for defendant's financial benefit.  Although it is disputed whether the defendant knew the minor victim was under eighteen years of age at the time, defendant still knew, at a minimum, that she was young.  Despite this, defendant transported the minor victim to engage in prostitution in

unfamiliar locations with strangers -- an inherently dangerous situation that no doubt could have brought great harm to the minor victim, not to mention untold psychological and emotional harm from working as a prostitute.

The Court's sentence should address the necessity of punishing those who, like defendant, cause minors to engage in commercial sex to the great determent and risk of minors who may lack the intellectual, emotional, and physical maturity to withstand the control of the trafficker.

The seriousness of the offense is furthered by defendant's used of violence in this case. Defendant was repeatedly violent with the minor victim in order to maintain the control needed to continue to have the minor victim work for his financial benefit.

### B.   History and Characteristics of Defendant and Need for Deterrence and to Promote Respect for the Law

The Court must also consider defendant's history and characteristics and the need for defendant's sentence to promote respect for the law and afford adequate deterrence. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(B).

Defendant's criminal history, and his conduct in this case, shows that defendant presents a high-risk of recidivism and the government believes that a significant sentence is necessary to mitigate this risk. Defendant has a previous sex trafficking related conviction for Pandering to Procure Prostitution, in violation of California Penal Code Section 266i(a)(1), which resulted in a 3-year prison sentenced. (PSR ¶ 46.) According to records obtained by the Probation Officer, defendant was released from prison on March 20,

4

2018.  (Id.)  Despite this prior offense and the accompanying prison sentence, less than a year later in December of 2018, defendant began working as the minor victim's pimp in this case.

Defendant's other conviction, which involved defendant holding a knife to a victim's throat to rob him, also resulted in a multi-year sentence that did not deter defendant from future serious misconduct. (PSR ¶ 45.)  Defendant, although only 25 years old, has already shown an inability to comply with the law.  The government is hopeful that defendant can reform and lead a law-abiding life after this case is resolved, but believes a significant sentence is necessary to deter defendant from future similar conduct or engaging in the type of violence against other victims that is consistent throughout his criminal history.

The government acknowledges that that defendant has multiple mitigating factors that the government considered in making its low-end recommendation.  These factors include defendant's young age and a difficult childhood that, according to defendant, included physical and emotional abuse at a young age.  Although defendant's mother largely disputes defendant's description of his childhood (PSR ¶¶ 69-75), defendant clearly became a runaway at a very young age which appeared to start his criminal activity.  The government is hopefully that the mental health and substance abuse treatment defendant hopes to obtain during his sentence, will mitigate his risk of recidivism.

Finally, the government agrees with the Probation Officer's recommendation of a ten-year period of supervision for the reasons stated in the Recommendation Letter.  A ten-year period of supervised release will provide an additional measure of accountability that, in

turn, will facilitate lawful behavior.  Given that "[t]he risk of recidivism posed by sex offenders is frightening and high," Smith v. Doe, 538 U.S. 84, 103 (2003) (internal quotation marks omitted), a ten-year period of supervised release would properly afford defendant the monitoring and treatment necessary to prevent future criminal conduct.  This is particularly true in light of defendant's prior sex trafficking conviction in which he attempted to lure an individual into prostitution who he believed to be a minor.

As such, the government's recommended sentence would deter defendant — along with others generally — and promote proper respect for the law.  A ten-year period of supervised release would properly afford defendant the monitoring and treatment necessary to prevent future criminal conduct.

**V.   RESTITUTION**

The government is currently seeking information related to the minor victim's losses.  In the event that restitution is not finalized at the time of sentencing, the government would respectfully request a deferred restitution hearing under 18 U.S.C. § 3664(d)(5), up to 90 days from the date of sentencing.

**VI.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to 151 months' imprisonment, a ten-year period of supervised release, and a special assessment of $100.  Such a sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing under 18 U.S.C. § 3553(a).